UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20536-CV-HOEVELER

MARIE ANDRE,

    Plaintiff,

v.

VIVIAN GONZALES, individually,
LUIS A. SORIANO, individually,
GENESIS HOME HEALTH, INC.,
a Florida corporation,

    Defendants.

_____

## ORDER

BEFORE the Court are four motions. On July 26, 2010, the defendants moved for leave to amend their answer to the plaintiff's amended complaint [DE 19]; the plaintiff did not respond to the motion. On July 30, 2010, the plaintiff moved for leave to file a second amended complaint [DE 20]; the defendants did not respond. On August 2, 2010, the plaintiff filed two motions to compel [DE 21 and 22]; the defendants did not respond. The responses to all four motions are now overdue.

### I. Motions for leave to amend

Under the scheduling order in this case [DE 18], amended pleadings were due before August 2, 2010. The plaintiff's motion to amend her complaint was filed before that deadline. Further, the plaintiff's motion is deemed to be unopposed due to the defendants'

1

failure to respond. Thus, the plaintiff's motion for leave to file a second amended complaint is granted.

The defendants' motion for leave to file an amended answer to the amended complaint was also submitted before the deadline to amend the pleadings, and the motion is also deemed unopposed. However, the motion is moot, because the plaintiff's "amended complaint" has been superceded by the "second amended complaint," thereby obviating the defendants' need to respond to the "amended complaint." The defendants are given 20 days from the date of this order to answer or respond to the second amended complaint.

## II. Motions to compel

### A. Motion to compel the deposition of Luis Soriano

In the first motion to compel [DE 21], the plaintiff asks the Court to compel the defendants to produce defendant Luis Soriano for a deposition. The plaintiff's noticed Mr. Soriano for a deposition set for August 2, 2010, but Mr. Soriano failed to appear. The plaintiff seeks to take Mr. Soriano's deposition sometime during the month of August. The defendants did not respond to this motion to compel and it is therefore deemed to be unopposed. The motion is granted. Mr. Soriano is directed to appear for a deposition at a mutually convenient time within 20 days from the date of this order.

The plaintiff also seeks to recover attorney's fees incurred in bringing this motion to compel, pursuant to Federal Rule

37(5)(A), which provides:

> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(5)(A). In deciding the plaintiff's request for attorney's fees, the Court must focus on the instruction in Rule 37(5)(A)(i) that a court "must not" order payment if "the movant filed the motion [to compel] before attempting in good faith to obtain disclosure or discovery without court action." Id.

What counts as "good faith" in this district is defined by the pre-filing "meet and confer" requirements in Local Rule 7.1.A.3:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought

3

in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved.

In the plaintiff's motion to compel, the required "meet and confer" certification seems to track the language of subsection (b) of Local Rule 7.1.A.3:

> Counsel for Plaintiff certifies that he has made *reasonable efforts to confer* with counsel for Defendants to resolve the matter set forth in this Motion but has been unable to do so.

Plaintiff's Mot. to Compel, August 2, 2010, ¶ 10, ECF No. 21 (emphasis added). However, a movant's certification that he or she made "reasonable efforts to confer" is not enough; subsection (b) instructs the movant to identify these efforts with specificity. The plaintiff has not given any information about what efforts were made to meet and confer with the defendants before filing the motion to compel. Accordingly, the Court is not satisfied that the plaintiff has established her entitlement to attorney's fees under Rule 37(5)(A).

### B. Motion to compel responses to interrogatories

The planitiff served interrogatories on defendant Genesis Home Health, Inc., on June 14, 2010. The defendant has not responded. It appearing that the plaintiff's motion to compel discovery responses has merit, it is therefore granted. Genesis Home Health shall provide appropriate responses to the outstanding interrogatories within 20 days from the date of this order.

Again, the plaintiff seeks to recover the attorney's fees incurred in filing this motion to compel. As above, however, the Court cannot conclude that "the movant filed the motion [to compel] before attempting in good faith to obtain disclosure or discovery without court action." Fed. R. Civ. P. 37(5)(A)(i). The plaintiff's certificate of good faith conference states:

> I hereby certify that counsel for the movant has endeavored to confer with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, however, without success.

Plaintiff's Mot. to Compel, August 2, 2010, p. 2, ECF No. 22. Although counsel "endeavored to confer" with the parties who would be affected by the motion, he apparently fell short of actually conferring, at least according to the plain meaning of the certification. The plaintiff did not identify what efforts were made. This violation of the Local Rules prevents the Court from knowing whether the plaintiff met the requirements to recover

attorney's fees under the Federal Rules of Civil Procedure.[1]

### III. Conclusion

Based on the forgoing analysis, it is hereby:

**ORDERED AND ADJUDGED:**

1. The defendants' motion [DE 19] for leave to amend their answer is DENIED as moot.

2. The plaintiff's motion [DE 20] for leave to file an amended complaint is GRANTED.

3. The plaintiff's motion [DE 21] to compel Luis Soriano's deposition is GRANTED. Mr. Soriano shall appear at a mutually agreeable time within 20 days from the date of this order. The plaintiff's request for attorney's fees in conjunction with this motion is DENIED.

4. The plaintiff's motion [DE 22] to compel the defendant Genesis Home Health to respond to interrogatories is GRANTED. Genesis

---

[1] The "meet and confer" certification in the plaintiff's motion to file a second amended complaint states that plaintiff's counsel "endeavored to confer with Counsel for the Defendant, but as of this filing, Defendants have not advised if they oppose Plaintiff's requested amendment." No other information is provided. Even worse, in the defendants' motion to file an amended answer, defendants' counsel fails to include any certification whatsoever. The fact that neither the plaintiff nor defendants subsequently bothered to respond to any of the four pending motions highlights why strict adherence to the certification requirement is crucial. Thus, any future submission filed in violation of the Local Rules will be swiftly stricken. If counsel for either side fails to respond to a properly-filed motion after asserting an objection to all or part of the relief sought during a meet-and-confer, the Court will consider appropriate sanctions. In short, this kind of conduct must stop.

Home Health shall provide responses within 20 days. The plaintiff's request for attorney's fees in conjunction with this motion is DENIED.

DONE AND ORDERED in Miami, Florida, September 3, 2010.

WMM Hoeveler
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE