UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20536-CV-HOEVELER

MARIE ANDRE,

    Plaintiff,

v.

VIVIAN GONZALEZ, et al.

    Defendants.

_____

## ORDER

BEFORE the Court are several post-trial motions. The Court entered final judgment in this FLSA overtime suit in favor of the plaintiff on March 16, 2011. On March 29, 2011, the plaintiff moved for the Court to impose liquidated damages against the defendants [ECF No. 66]; the defendants responded April 3, and the plaintiff replied. On March 31, 2011, the defendants moved for judgment as a matter of law under Rule 50, or for a new trial or amended judgment under Rule 59 of the Federal Rules of Civil Procedure [EFC No. 67]; the plaintiff responded April 12. On April 27, 2011, the plaintiff filed a motion for costs and attorney's fees [ECF No. 74]. Finally, on May 5, 2011, the defendants filed a motion requesting additional time to respond to the attorney's fees motion, and to depose the plaintiff's counsel regarding fee issues [ECF No. 75]; the plaintiff responded May 12. The motions are briefed and ready for a decision.

## I. Liquidated damages

### A.

This is an action for overtime wages under the FLSA, 29 U.S.C. §§ 201, *et seq*. After a four-day trial, the jury returned a verdict in favor of the plaintiff, finding that she was owed $9,600 in unpaid FLSA overtime wages she earned between 2009 and 2010. The plaintiff did not seek to extend the statute of limitations to three years and, therefore, the jury was not given the opportunity to make a finding as to the "willfulness" of the defendants' FLSA violation.

On March 29, the plaintiff then filed this motion for liquidated damages based upon the Jury Verdict and section 216(b) of the FLSA, which provides that:

> [a]ny employer who violates the provisions of. . . section 207 of this title shall be liable to the employee or employees affected in the amount of. . . their unpaid overtime compensation. . . and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). The FLSA requires the district court to determine whether liquidated damages apply. See 29 U.S.C. § 260. Ordinarily, when the jury finds that an employer violated the overtime provision of the FLSA and assesses compensatory damages, courts add an award of liquidated damages in the same amount, which doubles the total damages awarded. 29 U.S.C. § 216(b); see also Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir. 1991). However, there is also the so-called "good faith

defense" to liquidated damages, which gives the district court discretion *not* to increase the damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. The employer bears the burden of establishing both the objective and subjective components of the good faith defense. <u>Dybach</u>, 942 F.2d at 1566; <u>Spires v. Ben Hill County</u>, 980 F.2d 683, 689 (11th Cir. 1993).

### B.

The Court finds that, while the plaintiff was employed by the defendants, the defendants acted in good faith and possessed reasonable grounds for believing their conduct was not in violation of the FLSA. Specifically, the evidence showed that Ms. Andre had been paid in accordance with FLSA regulations for the patient visits that she recorded and documented with proper nursing progress notes, which was the well-known procedure required by her employer. The owner of Genesis, Vivian Gonzalez, offered credible testimony that these nursing progress notes were critical. Ms. Gonzalez explained that she reached out to Andre several times offering to assist Andre in preparing and submitting acceptable notes, where possible. But Andre was not particularly cooperative.[1]

---

[1] During her pre-trial deposition, Andre seemingly denied the existence of information about how many hours she worked per week. Then, at trial, she attempted to introduce a "diary" or "calendar"

Indeed, Andre's failure to submit acceptable documents resulted in Genesis's inability to charge clients for thousands of dollars worth of nursing services.

The evidence at trial established that the defendants subjectively believed they paid Andre all the money she was owed, and the Court is satisfied that the defendants' good faith was objectively reasonable. Although the jury ultimately found against the defendants on the FLSA charge, the jury was not asked to render an opinion, explicitly or implicitly, about the defendants' good faith or wilfulness. Thus, in my discretion, and considering all the evidence, I find that liquidated damage are not warranted under the Act.

## II. New Trial

### A.

Under Rule 50(b), a party may renew its motion for judgment as a matter of law after the jury has returned a verdict. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir. 2007). The renewed motion must be based upon grounds closely related to the grounds upon which the movant sought judgment as matter of law the first time. See Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 903 (11th Cir. 2004). Judgment as matter of law is appropriate if "a reasonable jury would not have

---

of notes about how many weekly hours she worked. The Court excluded this evidence.

a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In deciding a Rule 50 motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000).

Pursuant to Rule 59, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A party may seek new trial on the grounds "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

B.

At trial, the plaintiff made a timely Rule 50(a) motion for judgment as a matter of law, which the Court denied. In its post-trial motion, the plaintiff purports to make a successive motion under Rule 50(a). This is not the proper procedure to obtain relief at this stage. Additionally, the plaintiff moves for a new trial under Rule 59(a), and seeks an amended judgment under Rule 59(e), even though the plaintiff provides no information whatsoever about

5

how the judgment should be amended, or why. Apart from perfunctory references in the first paragraph of the motion to Rules 59(a), 59(e) and 50(a) (which is not the applicable Rule), the plaintiff does not discuss the legal standards and or attempt to show how these standards are met.[2]

In any event, the defendants' motion seems to advance two principal arguments for post-trial relief. First, that Andre lied at her September 2010 deposition about not having records of her overtime work. At trial, Andre attempted to introduce a diary containing information about her overtime schedule. When questioned about the apparent inconsistency, she explained that she did not regard the diary to be equivalent to "records," and therefore did not mention it sooner. The evidence was excluded. Whether Andre told a believable story at trial was a question of credibly that the jury evidently decided in her favor. It is unclear from the defendants' written submission why this incident about the diary would warrant post-trial relief, and the Court is not satisfied that it does warrant such relief.

Second, the defendants submit that Andre was employed in a professional capacity, and thereby exempt from the FLSA overtime provisions. The defendants argue that the jury wrongly found against them on this affirmative defense, because the defendants

---

[2] The plaintiff pointed out this deficiency in her response brief, but the defendants did not take the opportunity to reply.

claim they presented sufficient evidence that Andre exercised discretion and judgment in her job duties as a licensed practical nurse (LPN), such that she qualifies as a professional. In fact, the jury heard evidence from both sides on this point. Witnesses testified about Andre's job description and day-to-day duties, and the lawyers made arguments about whether she should be considered a professional. After closing arguments, the jury was instructed about the meaning of the FLSA's "learned professional" exemption, based on jury instructions that both sides had input in crafting. On the verdict form, the jury was asked: "was the plaintiff employed by Defendants in a professional capacity?"; the jury answered, "No." This was a fact determination, and it was a reasonable one, and it was not inconsistent with the evidence. The defendants have not met their burden to show they are entitled to relief under Rule 50(b) or Rule 59.

### III. Attorney's fees

As the prevailing party in this FLSA case, the plaintiff is entitled to litigation costs and reasonable attorney's fees. Plaintiff's counsel has claimed $4,032.55 in costs and $59,196.25 in fees (182.14 hours at the rate of $325 per hour). The defendants responded by asking for additional time to respond to the motion for costs and attorney's fees. Specifically, the defendants request an opportunity to depose the plaintiff's lawyer, Anthony Georges-Pierre, about matters related to Ms. Andre's alleged "stonewalling"

7

at her deposition, and whether Mr. Georges-Pierre may have been complicit in her acts of "bad faith" in concealing information about her overtime hours during discovery. According to the defendants' lawyer, Lawrence Metsch, the deposition of Georges-Pierre would be useful to sort out whether Georges-Pierre's litigation conduct may call for sanctions.

In reality, the defendants' theory about sanctions and Mr. Georges-Pierre's alleged fraud is unconvincing. By all appearances, Mr. Georges-Pierre acted in good faith. Nevertheless, there are, arguably, questions about whether some of Georges-Pierre's billing hours could have been avoided or reduced if his client had been more forthcoming. For example, the plaintiff is not entitled to generate recoverable attorney's fees purely because of her own lack cooperation in the litigation.[3] Because of these extenuating circumstances, the defendants' motion to take the deposition of Georges-Pierre is granted, on the basis set forth below.

Considering the historic difficultly between these lawyers in scheduling depositions, I will set out the framework, chapter and verse. Within five days of this order, Mr. Georges-Pierre shall

---

[3] Of course, it should be noted that the defendants' lawyer also unnecessarily generated fees, by failing to cooperate in pre-trial discovery and motion practice. See, e.g., Order on Various Motions, Sept. 3, 2010, ECF. No. 26; Order Directing a Response, Nov. 8, 2010, ECF No. 32. Mr. Metsch also violated my instruction to bring his clients to the Court-arranged mediation before Magistrate Judge Turnoff. In fact, Mr. Metsch arrived at the mediation late, and without one of his clients.

send a letter to Mr. Metsch by email and U.S. mail, in which he proposes three different dates and times between May 23 and June 20, 2011 during which he will be available to attend the deposition. Mr. Metsch shall promptly choose one of those dates and times, and give Mr. Georges-Pierre notice of the deposition. Mr. Metsch shall also file a notice of the deposition into the electronic docket. The length of the deposition is capped at two hours, excluding breaks, and the only relevant topic is whether any of the entries on Georges-Pierre's billing sheets could have been avoided. Mr. Georges-Pierre is, of course, entitled to the benefit of the attorney client privilege, where applicable. If the lawyers cannot agree on a location for the deposition, it shall take place in my Courtroom.

Thus, because the amount of attorney's fees remains in dispute, the Court will defer ruling on the motion for fees. However, the plaintiff's litigation costs are not in dispute and these shall be paid immediately, in the requested amount of $4,032.55. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The plaintiff's motion for liquidated damages [ECF No. 66] is denied.
2. The defendants' renewed motion for judgment as a matter of law, motion for a new trial, and/or motion for amended

9

   judgment [ECF No. 67], is denied.

3. The defendants' motion for permission to depose plaintiff's counsel regarding fee issues [ECF No. 75], is granted on the limited basis described above.[4]

4. The plaintiff's motion for attorney's fees [ECF No. 74] is held in abeyance. The plaintiff's motion for litigation costs is granted, and the defendants shall pay $4,032.55 in costs to the plaintiff.

**DONE AND ORDERED** in Miami, Florida, May 18, 2011.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The plaintiff's lawyer submitted billing sheets for almost $60,000. I have not yet considered whether a $60,000 fee award is reasonable. Quite possibly, it is. Even if the amount is reduced, the defendants are realistically going to pay tens of thousands in fees. If the lawyers choose to compromise about, for example, a lower billing rate or a reduction of the hours billed, rather than spending more time litigating the attorney's fee issue, that would be acceptable to the Court.